**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

SABAL TRAIL TRANSMISSION, LLC,

      Plaintiff,

v.

+/- 12.441 ACRES OF LAND IN
SUMTER COUNTY FLORIDA, LONG
HAMMOCK RANCH, LLC, AND
UNKNOWN OWNERS IF ANY,

      Defendants.
_____/

Case No:  5:16-cv-225-Oc-30PRL
Tract No(s): GSA-FL-SUM-008.000
    GSA-FL-SUM-011.000

## <u>ORDER</u>

At a hearing on May 13, 2016, the parties informed the Court that Defendant Long

Hammock Ranch, LLC has stipulated to the granting of Plaintiff Sabal Trail Transmission

LLC's ("Sabal Trail") Motion for Partial Summary Judgment (Doc. 4) and Motion for

Preliminary Injunction (Doc. 5) confirming Sabal Trail's right to condemnation and for

immediate possession.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.      Plaintiff Sabal Trail Transmission LLC's Motion for Partial Summary

Judgment (Doc. 4) is GRANTED.

2.      Plaintiff Sabal Trail Transmission LLC's Motion for Preliminary Injunction

(Doc. 5) is GRANTED.

3.      Sabal Trail Transmission, LLC may immediately access and possess the

easement areas described and depicted in the form Grant of Easement attached as Exhibit A, pursuant to the terms and conditions of Exhibit A and the Agreement Regarding Grant of Easement negotiated between the parties, for the purpose of constructing and operating the subject pipeline project in accordance with the Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission (Docket No. CP15-17-000).

4.     Plaintiff shall deposit $72,200.00 into the Registry of the Court.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of June, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

2

**Prepared By:**
Scott A. McLaren, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd, Suite 3700
Tampa, FL 33629

**Return to:**
Sabal Trail Transmission, LLC
Michael T. Laverty
P.O. Box 120129
Clermont, Florida 34712

## GRANT OF EASEMENT

**STATE OF FLORIDA**

**COUNTY OF SUMTER**                    **TRACT NO. GSA-FL-SUM-008.000
GSA-FL-SUM-011.000**

    **THIS GRANT OF EASEMENT** (the "Grant of Easement") is executed to be effective as of the ___ day of _____, 2016, by **LONG HAMMOCK RANCH, LLC**, a Florida limited liability company, whose address for purpose of this grant is 5041 SE 18th Street, Ocala, Florida 34480-8700, **("Grantor")**, in favor of **SABAL TRAIL TRANSMISSION, LLC**, a Delaware limited liability company, whose address is 5400 Westheimer Court, Houston, Texas 77056 **("Grantee")**.

### RECITALS

    **WHEREAS**, Grantor is the owner in fee simple of that certain real property which is located in Section 18, Township 18 South, Range 22 East and in Section 19, Township 18 South, Range 22 East, Sumter County, Florida, and being the same land described as Parcels 4 and 5 in that certain Special Warranty Deed executed by Hildreth T. Stalnaker, in favor of Grantor, dated March 7, 2012, and recorded March 14, 2012, in Official Records Book 2422, Page 760, Public Records of Sumter County, Florida (**"Grantor Fee Property"**); and

    **WHEREAS**, Grantee is constructing a pipeline for the purpose of transporting natural gas (**"Pipeline"**) and desires a permanent easement over, under and through a portion of Grantor Fee Property for the Pipeline Facilities, as hereinafter defined; and

    **WHEREAS**, Grantee further desires a temporary easement over a portion of Grantor Fee Property for the purpose of temporary workspace during the construction of the Pipeline Facilities; and

    **WHEREAS**, Grantor has agreed to grant to Grantee an exclusive permanent easement over, under and through a portion of Grantor Fee Property for the Pipeline Facilities and a

**Exhibit A**

temporary easement over a portion of Grantor Fee Property for construction upon the terms and conditions set forth herein.

KNOWN ALL BY THESE PRESENTS:  that Grantor, for and in consideration of the sum of Ten and No/100ths Dollars ($10.00), and other good and valuable consideration paid by Grantee, Grantor hereby grants to Grantee as follows:

1.  Grant of Easements

1.1.  Grant of Permanent Easement. Grantor hereby grants, bargains, sells, assigns and conveys to Grantee an exclusive, permanent easement (**"Permanent Easement"**) over, under, and through the property legally described on **Exhibit "A"** attached hereto and made a part hereof by this reference (**"Permanent Easement Property"**), for the purpose of constructing, laying, installing, maintaining, operating, inspecting, altering, repairing, replacing, and removing one (1) 36-inch underground Pipeline for the transportation of natural gas, together with fittings, connections, pipeline markers, cathodic and other protection equipment used or useful in the construction, use, operation, repair, replacement, maintenance and removal of the Pipeline, and to erect, operate, maintain, repair and remove underground data and communications equipment and other appurtenances which are used or useful to the operation or maintenance of the Pipeline (the Pipeline together with all necessary and useful appurtenances thereto are sometimes collectively referred to as the **"Pipeline Facilities"**). This Permanent Easement does not allow, and specifically excludes, any and all above ground improvements other than above ground pipeline markers, AC mitigation devices and cathodic protection devices.   The Permanent Easement Property shall be 50 feet in width and is depicted as the "Permanent Easement Area" on the survey attached as **Exhibit "A"** (**"Easement Survey"**). In order to access the Permanent Easement Property, the Permanent Easement includes the right of ingress and egress over, upon and across the Permanent Easement Property, but does not include any rights to ingress and egress over any other portion of Grantor Fee Property, except as set forth in Section 1.2 below. The right of ingress and egress over, upon and across the Permanent Easement Property is limited to access for the purpose of constructing and maintaining the Pipeline Facilities and for vegetative restoration and is not to be construed as a general grant of access easement.

1.2  Grant of Temporary Construction Easement. Grantor hereby grants, bargains, sells, assigns and conveys to Grantee a temporary construction easement over, upon and across the property as shown on the Easement Survey (**"Temporary Construction Easement Property"**), as may be necessary to conduct Grantee's construction activities in connection with the Pipeline Facilities and/or as may be necessary to store equipment and materials during the construction of the Pipeline Facilities (**"Temporary Construction Easement"**). The Temporary Construction Easement Property is depicted as "Temporary Workspace" and "Additional Temporary Workspace" on the Easement Survey. In order to access the Temporary Construction Easement Property, the Temporary Construction Easement includes a temporary easement for ingress and egress over, upon and across the Temporary Construction Easement Property, but does not include any rights to ingress and egress over any other portion of Grantor Fee Property, except as set forth in Section 1.1.

GSA-FL-SUM-008.000 and 011.000
Long Hammock Ranch, LLC

1.3     Compensation to Grantor Fee Property. Grantor and Grantee agree that the above mentioned consideration included payment for all damages for the construction of Pipeline Facilities, including any severance damages to Grantor Fee Property.  However, after the Pipeline Facilities have been constructed hereunder, Grantee shall not be liable for damages within the Permanent Easement in the future which are solely caused by keeping the Permanent Easement clear of trees, undergrowth, brush, structures, or any other obstructions that interfere with the use of the Permanent Easement.

2.  Termination of Temporary Construction Easement. The Temporary Construction Easement and all rights related thereto shall terminate and all rights to the Temporary Construction Easement Property shall revert back to Grantor no later than June 1, 2018. However, following the reversion of the Temporary Construction Easement Property, Grantee will still be permitted access limited to this area, for a period of two (2) years for the limited purpose, to monitor and maintain the re-vegetative restoration of the Temporary Construction Easement Property in accordance with Grantee's federal and state authorizations for the Pipeline installation. During this two (2) year monitoring period, Grantor's use of the Temporary Construction Easement Property shall not be limited, except that such use shall not interfere with Grantee's vegetative restoration activities.

3.  Termination of Easement. In the event Grantee fails to commence construction of the Pipeline on the Permanent Easement Property prior to December 31, 2020, this Grant of Easement shall terminate and shall be null and void, and Grantee shall record in the Public Records of Sumter County, Florida a release of all rights and interests granted under this Grant of Easement.

4.  Pipeline. The Pipeline shall not exceed thirty-six inches (36") in diameter and shall be buried to a minimum depth of forty-eight inches (48") from the top of the Pipeline to the existing surface of the ground. The Pipeline shall only be used for the purpose of transporting natural gas.

5.  Reservation of Rights. Grantor reserves the right to use Grantor Fee Property for any lawful purpose not inconsistent with Grantee's rights herein granted by Grantor and which does not interfere with Grantee's use of the Permanent Easement and/or Temporary Construction Easement. Notwithstanding the foregoing, Grantor shall not change the grade of, excavate, fill or flood the Permanent Easement Property, or interfere with the Grantee's vegetative maintenance activities to the extent deemed necessary by Grantee. In accordance with the terms of that certain Agreement regarding Grant of Easement by and between Grantor and Grantee dated of even date herewith, Grantor shall obtain Grantee's approval of all planned road crossings and parking areas impacting the Permanent Easement Property.

6.  Rights of Grantee.  This Grant of Easement shall include, and Grantee shall have, all other rights and benefits necessary or convenient for the full enjoyment of the use of the rights herein granted, including but not limited to:  the rights to remove, clear and to keep clear, in the exercise of Grantee's reasonable discretion and with no additional compensation to Grantor, all buildings, walls or similar structures, above or below ground swimming pool, decks, pipelines and conduits, septic systems, leach fields, wells, rocks, trees, brush, limbs and any other structures or obstructions in or on the Permanent Easement Property which might interfere with

Page 3 of 7

the use of the Permanent Easement or the free and full right of ingress and egress; and to do any other lawful activities which are incidental to or helpful for the intended uses of the Permanent Easement set forth above.

7. Benefits and Burdens. This Grant of Easement shall run with the land and be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors and assigns. Without limiting the generality of the foregoing, it is further understood and agreed that the rights and benefits granted to Grantee by this Grant of Easement may be assigned, in whole or in part, and shall inure to the benefit of Grantee's assignees, contractors, subcontractors and agents.

8. Mortgage Subordination. Any mortgage or deed of trust affecting any portion of the property encumbered hereby shall at all times be subject and subordinate to the terms of this Grant of Easement and any party foreclosing any such mortgage or deed of trust, or acquiring title by deed in lieu of foreclosure or trustee's sale, shall acquire title subject to all of the terms and provisions of this Grant of Easement.

9. No Waiver. The failure of Grantee to exercise any rights herein conveyed in any single instance shall not be considered a waiver of such rights and shall not bar Grantee from exercising any such rights in the future, or if necessary, seeking an appropriate remedy in conjunction with such rights.

(signatures on next pages)

GSA-FL-SUM-008.000 and 011.000
Long Hammock Ranch, LLC

**IN WITNESS WHEREOF,** the Grantor has executed this Grant of Easement as of the day and year first set forth above.

Signed, sealed and delivered
in the presence of:

**GRANTOR:**

**LONG HAMMOCK RANCH, LLC,** a
Florida limited liability company

By:_____

Name:_____        James R. Jernigan, Jr., Manager
       (Print or Type Name)

Name:_____        (Corporate Seal)
       (Print or Type Name)

STATE OF FLORIDA
COUNTY OF _____

       The foregoing instrument was acknowledged before me this \_\_\_\_ day of _____, 2016, by James R. Jernigan, Jr., as Manager of Long Hammock Ranch, LLC, a Florida limited liability company, on behalf of the company. He ☐ is personally known to me or ☐ has produced _____ as identification.

[Affix Notarial Seal or Stamp]

_____
Notary Public

_____
(Type, Print or Stamp Name)

My Commission Expires:

GSA-FL-SUM-008.000 and 011.000
Long Hammock Ranch, LLC

Signed, sealed and delivered
in the presence of:

**GRANTOR:**

**LONG HAMMOCK RANCH, LLC,** a
Florida limited liability company

By:_____

Name:_____          Lacy Jernigan Sapp, Manager
      (Print or Type Name)

      (Corporate Seal)

Name:_____
      (Print or Type Name)

STATE OF FLORIDA
COUNTY OF _____

      The foregoing instrument was acknowledged before me this _____ day of _____, 2016, by Lacy Jernigan Sapp, as Manager of Long Hammock Ranch, LLC, a Florida limited liability company, on behalf of the company.  She ☐ is personally known to me or ☐ has produced _____ as identification.

[Affix Notarial Seal or Stamp]

_____
Notary Public

_____
(Type, Print or Stamp Name)

My Commission Expires:

GSA-FL-SUM-008.000 and 011.000
Long Hammock Ranch, LLC

EXHIBIT "A"

GSA-FL-SUM-008.000 and 011.000
Long Hammock Ranch, LLC



EXHIBIT A

GSA-FL-SUM-008.000

EXHIBIT A

GSA-FL-SUM-008.000



N/F
LONG HAMMOCK RANCH, LLC, A
FLORIDA LIMITED LIABILITY COMPANY
(GSA-FL-SUM-008.000)

C18-002
BOOK 2422 PAGE 760

SHEET 1 OF 3
SHEET 2 OF 3

GRID NORTH
UTM17N (NAD83)

MATCHLINE A

PERMANENT
EASEMENT
AREA

S42°2'1'31"E.
3,687.31'

PROPOSED PIPELINE
CENTERLINE

197' X 25'
ADDITIONAL
TEMPORARY
WORKSPACE

1,826' X 15'
ADDITIONAL
TEMPORARY
WORKSPACE

300' X 75'
ADDITIONAL
TEMPORARY
WORKSPACE

50'
25'
25'
40'

SHEET 2 OF 3
SHEET 3 OF 3

MATCHLINE B

40'

0   100   200
1"=200'

LEGEND

FOUND MONUMENTS

⊕ - REBAR WITH CAP
◉ - REBAR, NO CAP
▣ - CONCRETE BOUND
○ - IRON PIN

————— - ABUTTER LINE
—○— - PIPELINE CL PI
————— - LOCUS PROPERTY LINE
XXXX-XXXX - ASSESSOR PARCEL
P.O.B. - POINT OF BEGINNING
P.O.T. - POINT OF TERMINATION

NOTES:
1) THE LOCUS PARCEL IS KNOWN AS TRACT C18-002.
ABUTTING PROPERTY LINES AND OWNER
INFORMATION REFERENCED HEREIN WERE TAKEN
FROM THE SUMTER COUNTY PROPERTY APPRAISER'S
DATA AS OF THE DATE OF THIS SURVEY.
2) THE LOCUS PROPERTY LINES AS SHOWN HEREIN
ARE BASED ON A FIELD SURVEY CONDUCTED IN MAY
2015, AND PROPERTY RETRACEMENT OF A LIMITED
TITLE CERTIFICATE PROVIDED BY DOYLE LAND
SERVICES, INC. THIS MAP MEETS OR EXCEEDS THE
STANDARDS OF PRACTICE FOR A SPECIAL PURPOSE
SURVEY AS SET OUT IN 5J-17.050(10)(J) F.A.C.
3) THE INTENT OF THIS SPECIAL PURPOSE SURVEY MAP
IS TO DEPICT A CONTIGUOUS PERPETUAL EASEMENT
TOGETHER WITH ASSOCIATED TEMPORARY
WORKSPACES FOR THE OPERATION, MAINTENANCE,
AND CONSTRUCTION OF A NATURAL GAS PIPELINE. NO
REPORT WAS PREPARED IN CONJUNCTION WITH THIS
MAP.

4) BEARINGS, DISTANCES (U.S. SURVEY FEET) AND
COORDINATES (U.S. SURVEY FEET) ARE GRID
REFERENCED TO UTM ZONE 17 NORTH NAD 83 (2007).
5) SURVEY DATA UTILIZED IN PREPARATION OF THESE
PLANS WAS COLLECTED UTILIZING RTK-GPS
EQUIPMENT AND TECHNIQUES. HORIZONTAL AND
VERTICAL CONTROL WAS ESTABLISHED BY SGC
ENGINEERING, LLC, TO AN ACCURACY WHICH
EXCEEDS A 1:10,000 CLOSURE, AND IS DOCUMENTED
IN A GEODETIC SURVEY CONTROL REPORT DATED
SEPTEMBER 15th 2015. THE EXPECTED RELATIVE
ACCURACY OF SURVEY DATA IS 0.1' HORIZONTALLY
AND 0.2' VERTICALLY. RECORDS OF MEASUREMENT
AND REPORTS USED TO PRODUCE THIS MAP SHALL BE
MAINTAINED BY SGC ENGINEERING, LLC.
6) THIS PLAN AND ALL WORK ASSOCIATED WITH IT WAS
PERFORMED BY: SGC ENGINEERING, LLC,
PROFESSIONAL SURVEYOR & MAPPER FLORIDA
BUSINESS LICENSE NO. LB7979; PRINCIPAL ADDRESS:
501 COUNTY ROAD, WESTBROOK, ME 04092.

RECORD DEED(S):
- A SPECIAL WARRANTY DEED OF CONVEYANCE UNTO LONG
HAMMOCK RANCH, LLC, A FLORIDA LIMITED LIABILITY COMPANY,
RECORDED IN BOOK 2422 PAGE 760 ON MARCH 14th 2012 IN THE
OFFICIAL RECORDS OF THE CLERK OF COURTS (OR) - SUMTER
COUNTY.

| | | |
|---|---|---|
| ▨ PERMANENT EASEMENT | = 193,645 sq-ft | (4.444 ac) |
| ▨ TEMPORARY WORKSPACE | = 193,635 sq-ft | (4.443 ac) |
| ▨ ADDITIONAL TEMPORARY WORKSPACE | = 56,680 sq-ft | (1.301 ac) |
| TEMPORARY ACCESS ROAD (25' WIDTH) | = N/A sq-ft | (N/A ac) |

PLAT NUMBER: 1657-PL-DG-38389

CERTIFICATE OF SURVEYOR

I HEREBY CERTIFY THAT THIS SURVEY MEETS THE STANDARDS
OF PRACTICE FOR A "SPECIAL PURPOSE SURVEY". THIS SURVEY
MAP OR THE COPIES THEREOF ARE NOT VALID WITHOUT THE
SIGNATURE AND THE ORIGINAL RAISED SEAL OF THE FLORIDA
LICENSED PROFESSIONAL SURVEYOR AND MAPPER.

RAYMOND J. HINTZ
PROFESSIONAL SURVEYOR AND MAPPER PSM4906

REVISIONS

| NO. | DATE | BY | DESCRIPTION | PROJ. ID | APPR. |
|---|---|---|---|---|---|
| 0 | 06/09/15 | JAP | ISSUED FOR ACQUISITION | 1172001.6 | RJH |

SGC ENGINEERING, LLC
501 County Road
Westbrook, Maine 04092
Tel: 207-347-6100   Fax: 207-347-6101

PERMANENT PIPELINE EASEMENT &
TEMPORARY WORKSPACE AREAS

LONG HAMMOCK RANCH, LLC

| SECTION: 18 | TOWNSHIP: 18S | RANGE: 22E |
|---|---|---|
| DRAWN: JAP | CHECKED: STH | APPROVED: RJH |
| DATE: 06/03/15 | DATE: 06/04/15 | DATE: 06/09/15 |
| NAME: GSA-FL-SUM-008.000.DWG | PAGE 2 of 3 | |

CITY: WILDWOOD
CNTY: SUMTER   STATE: FL

LENGTH ACROSS PROPERTY
PIPELINE: 3,872.90 ft
ACCESS RD.: N/A ft

Sabal Trail
TRANSMISSION

EX-B2 T A

GSA-FL-SUM-008.000



GRID NORTH
UTM17N (NAD83)

N/F
LONG HAMMOCK RANCH, LLC, A
FLORIDA LIMITED LIABILITY COMPANY
C18-007
BOOK 2422 PAGE 760

SHEET 2 OF 3
SHEET 3 OF 3

1,826' X 15'
ADDITIONAL
TEMPORARY
WORKSPACE

50'
25'
10'

N/F
LONG HAMMOCK RANCH II, LLC, A
FLORIDA LIMITED LIABILITY COMPANY
C18-003
BOOK 2422 PAGE 768

MATCHLINE B

S42°21'31"E
3,687.31'

PERMANENT
EASEMENT
AREA

40'

PROPOSED PIPELINE
CENTERLINE

S42°24'26"E
185.39'

N/F
LONG HAMMOCK RANCH, LLC, A
FLORIDA LIMITED LIABILITY COMPANY
GSA-FL-SUM-008.000
C18-002
BOOK 2422 PAGE 760

P.O.T. ②

1,156'±

**LEGEND**

FOUND MONUMENTS
- ● - REBAR WITH CAP
- ● - REBAR, NO CAP
- □ - CONCRETE BOUND
- ○ - IRON PIN

-P- - ABUTTER LINE
-○- - PIPELINE CL PI
——— - LOCUS PROPERTY LINE
XXXX-XXXX -ASSESSOR PARCEL
P.O.B.- POINT OF BEGINNING
P.O.T.- POINT OF TERMINATION

T18S - R22E - SEC. 18
T18S - R22E - SEC. 19

② POINT OF TERMINATION
N 10,497,366.41
E 1,274,308.35

0   150   300
1"=300'

**NOTES:**
1) THE LOCUS PARCEL IS KNOWN AS TRACT C16-002. ABUTTING PROPERTY LINES AND OWNER INFORMATION REFERENCED HEREON WERE TAKEN FROM THE SUMTER COUNTY PROPERTY APPRAISER'S DATA AS OF THE DATE OF THIS SURVEY.
2) THE LOCUS PROPERTY LINES AS SHOWN HEREON ARE BASED ON A FIELD SURVEY CONDUCTED IN XXXXXXX 2014, AND PROPERTY RETRACEMENT OF A LIMITED TITLE CERTIFICATE PROVIDED BY DOYLE LAND SERVICES, INC. THIS MAP MEETS OR EXCEEDS THE STANDARDS OF PRACTICE FOR A SPECIAL PURPOSE SURVEY AS SET OUT IN 5J-17.050(10)(J) F.A.C.
3) THE INTENT OF THIS SPECIAL PURPOSE SURVEY MAP IS TO DEPICT A CONTIGUOUS PERPETUAL EASEMENT TOGETHER WITH ASSOCIATED TEMPORARY WORKSPACES FOR THE OPERATION, MAINTENANCE, AND CONSTRUCTION OF A NATURAL GAS PIPELINE. NO REPORT WAS PREPARED IN CONJUNCTION WITH THIS MAP.

4) BEARINGS, DISTANCES (U.S. SURVEY FEET) AND COORDINATES (U.S. SURVEY FEET) ARE GRID REFERENCED TO UTM ZONE 17 NORTH NAD 83 (2007).
5) SURVEY DATA UTILIZED IN PREPARATION OF THESE PLANS WAS COLLECTED UTILIZING RTK-GPS EQUIPMENT AND TECHNIQUES. HORIZONTAL AND VERTICAL CONTROL WAS ESTABLISHED BY SGC ENGINEERING, LLC, TO AN ACCURACY WHICH EXCEEDS A 1:10,000 CLOSURE, AND IS DOCUMENTED IN A GEODETIC SURVEY CONTROL REPORT DATED SEPTEMBER 13th 2013. THE EXPECTED RELATIVE ACCURACY OF SURVEY DATA IS 0.1' HORIZONTALLY AND 0.2' VERTICALLY. RECORDS OF MEASUREMENT AND REPORTS USED TO PRODUCE THIS MAP SHALL BE MAINTAINED BY SGC ENGINEERING, LLC.
6) THIS PLAN AND ALL WORK ASSOCIATED WITH IT WAS PERFORMED BY SGC ENGINEERING, LLC, PROFESSIONAL SURVEYOR & MAPPER FLORIDA BUSINESS LICENSE NO. LB7978; PRINCIPAL ADDRESS: 901 COUNTY ROAD, WESTBROOK, ME 04092.

**RECORD DEED(S):**
- A SPECIAL WARRANTY DEED OF CONVEYANCE UNTO LONG HAMMOCK RANCH, LLC, A FLORIDA LIMITED LIABILITY COMPANY, RECORDED IN BOOK 2422 PAGE 760 ON MARCH 14th 2012 IN THE OFFICIAL RECORDS OF THE CLERK OF COURTS (OR) - SUMTER COUNTY.

| | | | |
|---|---|---|---|
| ▨ PERMANENT EASEMENT | = | 193,645 sq-ft | (4.444 ac) |
| ▨ TEMPORARY WORKSPACE | = | 193,635 sq-ft | (4.443 ac) |
| ▨ ADDITIONAL TEMPORARY WORKSPACE | = | 56,680 sq-ft | (1.301 ac) |
| TEMPORARY ACCESS ROAD (25' WIDTH) | = | N/A sq-ft | (N/A ac) |

PLAT NUMBER: 1657-PL-DG-38389

**CERTIFICATE OF SURVEYOR**

I HEREBY CERTIFY THAT THIS SURVEY MEETS THE STANDARDS OF PRACTICE FOR A "SPECIAL PURPOSE SURVEY". THIS SURVEY MAP OR THE COPIES THEREOF ARE NOT VALID WITHOUT THE SIGNATURE AND THE ORIGINAL RAISED SEAL OF THE FLORIDA LICENSED PROFESSIONAL SURVEYOR AND MAPPER.

RAYMOND J. HINTZ
PROFESSIONAL SURVEYOR AND MAPPER PSM4908

**REVISIONS**

| NO. | DATE | BY | DESCRIPTION | PROJ. ID | APPR. |
|---|---|---|---|---|---|
| 0 | 06/09/15 | JAP | ISSUED FOR ACQUISITION | 1172001.6 | RJH |

**SGC ENGINEERING, LLC**
561 County Road
Westbrook, Maine 04092
Tel: 207-347-6100   Fax: 207-347-6101

PERMANENT PIPELINE EASEMENT &
TEMPORARY WORKSPACE AREAS

LONG HAMMOCK RANCH, LLC

SECTION: 18   TOWNSHIP: 18S   RANGE: 22E

| DRAWN: JAP DATE: 06/03/15 | CHECKED: STH DATE: 06/04/15 | APPROVED: RJH DATE: 06/09/15 | CITY: WILDWOOD | | LENGTH ACROSS PROPERTY |
|---|---|---|---|---|---|
| | | | | | PIPELINE: 3,872.90 ft |
| NAME: GSA-FL-SUM-008.000.DWG | | PAGE 3 of 3 | CNTY: SUMTER | STATE: FL | ACCESS RD: N/A ft |

Sabal Trail
TRANSMISSION

EXHIBIT A

SABAL TRAIL TRANSMISSION
AREA OF PERMANENT EASEMENT
C18=002
CITY OF WILDWOOD, SUMTER COUNTY, FLORIDA

Page 1 of 1

**Permanent Easement Area**

A permanent easement of 50 feet width, in, over and across land now or formerly of LONG HAMMOCK RANCH, LLC, A FLORIDA LIMITED LIABILITY COMPANY (Grantor), lying in Section 18 - Township 18S - Range 22E in the City of Wildwood, Florida, designated as assessor tract C18=002 with the County of Sumter Property Appraiser, and more particularly described in Book 2422 Page 760 with the Official Records of the Clerk of Courts of Sumter County (OR). Said permanent easement is defined as an offset each side of a proposed pipeline centerline and is more particularly described as follows:

Beginning at a point of intersection of the easterly boundary of land now or formerly of VENTURA RANCH, LLC, A FLORIDA LIMITED LIABILITY COMPANY, designated as tract B13=001 and more particularly described in Book 2009 Page 573, with said proposed pipeline centerline, said POINT OF BEGINNING having a UTM Zone 17 North NAD83 (2007) US Survey Feet Coordinate of North 10,500,230.15 and East 1,271,698.80, where said permanent easement is defined as being 50 feet in width, 25 feet offset each side of said proposed pipeline centerline, thence passing through said land of the Grantor along said proposed pipeline centerline the following courses and distances:

S 42° 21' 31" E       a distance of 3,687.31 feet, more or less to a point, thence;

S 42° 24' 26" E       a distance of 185.59 feet, more or less to a point of intersection of the westerly boundary of other land now or formerly of LONG HAMMOCK RANCH II, LLC, A FLORIDA LIMITED LIABILITY COMPANY, designated as tract C18=003 and more particularly described in Book 2422 Page 768 with said proposed pipeline centerline, and the POINT OF TERMINATION, which concludes the defined permanent easement as it pertains to the Grantor's land described herein (said POT having a UTM Zone 17 North NAD83 (2007) US Survey Feet Coordinate of North 10,497,368.41 and East 1,274,308.35).

The above described Permanent Easement Area contains 4.444 acres more or less, and is also depicted on a plat prepared by SGC Engineering, LLC entitled: "GSA-FL-SUM-008.000 - PERMANENT PIPELINE EASEMENT & TEMPORARY WORKSPACE AREAS, OWNER: "LONG HAMMOCK RANCH, LLC", Dated: June 9th 2015, previously unrecorded but made a part of this conveyance.

The intent of this deed is to describe and convey a contiguous permanent easement of 50 feet width, herein defined as an offset each side of a proposed pipeline centerline, in as much the Grantor has rights from land now or formerly of VENTURA RANCH, LLC, A FLORIDA LIMITED LIABILITY COMPANY to other land now or formerly of LONG HAMMOCK RANCH II, LLC, A FLORIDA LIMITED LIABILITY COMPANY. Easement limits propagate by, along, and through the land of the Grantor, to the extent as shown on EXHIBIT A or as a subsequent boundary survey may determine.

Raymond J. Hintz
State of Florida
Professional Surveyor and Mapper No. PSM4908

EXHIBIT A

GSA-FL-SUM-011.000



SABAL TRAIL TRANSMISSION
AREA OF PERMANENT EASEMENT
C19=029
CITY OF WILDWOOD, SUMTER COUNTY, FLORIDA

**Permanent Easement Area**

A permanent easement of 50 feet width, in, over and across land now or formerly of LONG HAMMOCK RANCH, LLC, A FLORIDA LIMITED LIABILITY COMPANY (Grantor), lying in Section 19 - Township 18S - Range 22E in the City of Wildwood, Florida, designated as assessor tract C19=029 with the County of Sumter Property Appraiser, and more particularly described in Book 2422 Page 760 with the Official Records of the Clerk of Courts of Sumter County (OR). Said permanent easement is defined as an offset each side of a proposed pipeline centerline and is more particularly described as follows:

Beginning at a point of intersection of the southerly boundary of other land now or formerly of LONG HAMMOCK RANCH II, LLC, A FLORIDA LIMITED LIABILITY COMPANY, designated as tract C19=001 and more particularly described in Book 2422 Page 768, with said proposed pipeline centerline, said POINT OF BEGINNING having a UTM Zone 17 North NAD83 (2007) US Survey Feet Coordinate of North 10,494,862.91 and East 1,276,596.78, where said permanent easement is defined as being 50 feet in width, 25 feet offset each side of said proposed pipeline centerline, thence passing through said land of the Grantor along said proposed pipeline centerline the following courses and distances:

S 42° 24' 27" E    a distance of 118.45 feet, more or less to a point, thence;

S 31° 41' 29" E    a distance of 40.00 feet, more or less to a point, thence;

S 20° 58' 31" E    a distance of 528.40 feet, more or less to a point, thence;

S 29° 49' 17" E    a distance of 40.00 feet, more or less to a point, thence;

S 41° 49' 18" E    a distance of 31.49 feet, more or less to a point of intersection of the westerly boundary of land now or formerly of BRAD D. MARTIN, designated as tract C20=061 and more particularly described in Book 2319 Page 757 with said proposed pipeline centerline, and the POINT OF TERMINATION, which concludes the defined permanent easement as it pertains to the Grantor's land described herein (said POT having a UTM Zone 17 North NAD83 (2007) US Survey Feet Coordinate of North 10,494,189.86 and East 1,276,927.71).

The above described Permanent Easement Area contains 0.870 acres more or less, and is also depicted on a plat prepared by SGC Engineering, LLC entitled: "GSA-FL-SUM-011.000 - PERMANENT PIPELINE EASEMENT & TEMPORARY WORKSPACE AREAS, OWNER: "LONG HAMMOCK RANCH, LLC", Dated: June 9th 2015, previously unrecorded but made a part of this conveyance.

The intent of this deed is to describe and convey a contiguous permanent easement of 50 feet width, herein defined as an offset each side of a proposed pipeline centerline, in as much the Grantor has rights from other land now or formerly of LONG HAMMOCK RANCH II, LLC, A FLORIDA LIMITED LIABILITY COMPANY to land now or formerly of BRAD D. MARTIN. Easement limits propagate by, along, and through the land of the Grantor, to the extent as shown on EXHIBIT A or as a subsequent boundary survey may determine.

Raymond J. Hintz
State of Florida
Professional Surveyor and Mapper No. PSM4908